We'll now hear argument in the case of San Francisco Bay Conservation and Development Commission at all versus what we got actually mainly the United States Army Corps of Engineers and I believe the the appellate really got to counsel involved here. Which one of you is going first? Yes good morning your honors may it please the court Tara Mueller representing appellant San Francisco Bay Conservation and Development Commission and as your honor has indicated I will be splitting my time this morning with my co-counsel Ms. Nicole Sasaki representing co-appellant San Francisco Baykeeper she will address issues specific to the Clean Water Act and well I will address some remaining issues. So I will take 15 minutes. What's your time split? I'm sorry I will take 15 minutes I would like to reserve four minutes of my time for rebuttal if I may. So your co-counsel is getting a minute? I'm sorry she's getting five minutes. You can't have 15 minutes and four minutes of rebuttal if she's got five minutes because you've got 20 minutes for your side. Okay yes correct I'm taking 15 minutes but I'll take 12 12 I'm sorry 11 minutes. So you got 11 minutes you're gonna reserve four and then Ms. Sasaki has got five minutes right? Correct your honor. Very well. Okay please proceed Ms. Mueller. Thank you. The fundamental issue in this case is whether the Corps is entitled to rely on its so-called federal standard policy as a justification for refusing to comply with conditions imposed on its dredging operations by the state of California pursuant to the state's federally delegated authority under the Coastal Zone Management Act. The federal standard policy is embodied in several Corps regulations and it provides in part that the Corps' national policy is to adopt the least costly dredging alternative. The challenge 2017 decision in this case the Corps relied on its federal standard policy as the sole justification for refusing to comply with certain Coastal Zone Management Act and Clean Water Act the Corps made this 2017 decision unilaterally after this litigation was filed without first consulting with the state and the state was given no opportunity to respond. The Corps sole rationale for this decision was that the federal standard allegedly legally prohibits the Corps from complying with any state CZM or Clean Water Act conditions that may increase its overall dredging costs and that the Corps is without authority to even attempt to obtain additional funds for compliance with the state CZM or Clean Water Act conditions due to the federal standard. So appellants overarching legal contention in this case is that the Corps sole federal standard rationale that it provided for this 2017 decision violates the Administrative Procedures Act because it is beyond our statutory and regulatory authority and jurisdiction and authority to adopt in this contrary to law. Well counsel let me ask you this I would agree with you if the Corps had simply refused but the Corps it didn't do that yet it actually proposed to do something else so it would seem that the what the Corps proposed to do unlawful or arbitrary and that was the question that the district court seemed to address did it not? If I'm understanding your question your honor you're asking whether whether the Corps was in compliance with the state condition? No I'm trying to figure out the question the overarching question in the case because the the Corps position is that it didn't refuse to do anything it proposed to do something concrete which was to dredge one of the channels each year and the district court said that did not violate any law and so isn't the district court's decision what we're reviewing? So your honor this is a case under the Administrative Procedures Act so this court would be applying the same standard of review as the district court applied and that is reviewing whether the Corps 2017 decision is arbitrary and capricious and abuse of discretion or contrary to law. Before we get there though where does the hydraulic dredge condition of provision 10 state that the Corps must dredge the Richmond and Pinole channels every year? That's an excellent question your honor so the the water quality certification states this is at page 350 of the excerpts of record it says that the channel not selected as the additional hopper dredge channel ie either Pinole Shoal or Richmond Outer Harbor would be dredged with a mechanical dredge and that's also stated at several points in the environmental assessment that the Corps prepared in conjunction with the Regional Water Quality Control Board and I would specifically direct the court to pages 267 and 268 of the excerpts of record which likewise states that the channel that was not dredged using a hydraulic dredge would be dredged with a mechanical dredge. You're saying that's the negative pregnant of that that's the implication or does it specifically state that? It specifically states that your honor yes and and so I would I would direct the court to pages 350 and 267 68 of appellants excerpts of record where both the water quality certification and the there so let me back up a little bit as well the Corps proposal to the state was to dredge these channels annually on an annual basis that was the proposal that the state was reviewing and that was what the state conditionally approved under both the Clean Water Act and the Coastal Zone Management Act. Well I forget forgive me counsel perhaps I'm not stating this is the way I want you you've got two different ways of dredging. My understanding is the big question here is you've got one that is more it's more sensitive to the fish than the other and there's little question that you can require them to do hydraulic dredging but where's the requirement to do the more costly more sensitive dredging. Where is the I'm sorry I'm not sure. Where in the where in the documents that you claim to be enforceable is there a requirement that the Corps every year dredge both channels using the more sensitive dredging approach. So what I just read to the court is is the water quality certification expressly states that the channel that the so the Corps was proposing a dredge every year both channels every year and that was the proposal that the state reviewed and approved and the condition that the state placed on that was that one of the channels would be dredged hydraulic dredge and one with a mechanical dredge and reduce because the Corps had proposed to dredge both channels with hydraulic dredge and counsel can make sure I understand are you you're this is ER 350 this is but there's but that document has four different alternatives right and you're citing one of the four alternatives. That is the portion of the water quality certification where it has the regional water boards findings under the California Environmental Quality Act and stating the regional boards understanding that the channel that was not hydraulic dredge would be dredged with a mechanical dredge but I guess the point the point here that I'd like to make about this whole annual dredging issue it's the the state's issue is not that that the Corps decided not to dredge both channels every year per se that the state's issue is the rationale that the Corps used to make that determination that it relied on the federal standard that it relied on this this lease cost policy in its regulation that it adopted this other alternative that was not contemplated. I want to ask you about that real quick I know you don't have a lot of time left here but see you're kind of portraying this as the federal standard is the least cost but as I understand as I recall the federal standard is actually it's it's the least cost that takes into environmental consideration so right now you may be saying that their federal standard is wrong but at least their reliance on the federal standard has built into it both you know it's sort of a common-sense standard as far as I can see we're gonna do it as cheaply as we can do it that also takes into environmental consideration so I don't see how it's wrong for the federal government to point it to that you could say that it was arbitrary and capricious for them to have said this was the federal standard that kind of gets back I think to what Judge Schroeder said earlier but somehow is that they committed some sort of legal error by relying on the federal standard ignores that the federal standard itself has built into it environmental implications correct you're absolutely right your honor and actually that is in appellants briefs that the federal standard itself provides that the Corps will comply with all state Coastal Zone Management Act and Clean Water Act conditions and that that that what the federal the least cost component of that deals with if there are co-equal alternatives that otherwise comply with all applicable federal environmental laws then the court can choose the least cost option but what happened here is that the the core just simply said well it's not going it's on this least cost portion it took that that component out and said it's going to choose the least cost option no matter what regardless of whether it complies whether it meets the state conditions the other thing I would like to point out is there's a council to be clear your argument is that they only looked at cost they didn't look at the environmental impact because I don't I'm not sure that's right I've got a big long table my law clerk made for me here with a whole bunch of sites of the record of where they actually they didn't rely on economic but they also relied on environmental navigational they cited to them all over the record right correct but but the the Corps was not complying with either the letter or intent of the state's reduced hydraulic dredge conditions and also we haven't discussed the Commission's beneficial reuse condition and the court admitted flat out that they wouldn't could not and would not comply with that beneficial reuse condition at all so you you are into your rebuttal time I think you probably want to save that why don't we have you do that we'll get to miss Sasaki in a minute but if you will be prepared to answer the question what is your argument that Noah's Noah has approved the contractual obligation that you believe exists so we'll wait until you get a rebuttal to do that but right now let's go to miss Sasaki for your argument please thank you thank you may it please the court Nicole Sasaki on behalf of appellant San Francisco Baykeeper I will address where the Corps actions went awry when it used the federal standard to exempt its compliance with state conditions imposed under section 401 D exceeding its addressing why deferred dredging is an impermissible substitute condition that does not comply with provision 10 so here the Corps properly applied to the regional board for the water quality certification for its dredging activities in accordance with section 401 a of the Clean Water Act and the regional board imposed provision 10 in accordance with 401 D to protect the  species and navigation both water quality standards in the regional boards basin plan approved by EPA under section 303 this was all in accord with the Clean Water Act statutory framework however the Corps went awry when instead of invoking a presidential exemption under section 313 a or a navigational override under sections 511 a 2 and 404 T the only exemptions to instead created its own exemption asserting its federal standard regulation requires it to implement the least costly alternative thereby prohibiting its compliance with provision 10 due to the increased cost of mechanical dredging Congress did not provide the Corps the authority under the Clean Water Act to create this new exemption to avoid the additional cost of compliance with state conditions imposed under section 401 D how do you address the requirement that NOAA sign off on any such contract and did not do so here so the NOAA approval is not related to the Clean Water Act that is under the Coastal Zone Management Act right and that is Ms. Mueller's purview understand but you still have but you still have to have its authority to move forward even though the Clean Water Act requires it right you've got two different laws yes two different basically a conflict here if you're saying the Clean Water Act requires a particular action but it requires a government agency to approve an action that you believe would be required to designing the Coastal Zone Management Act and the Clean Water Act and this state-federal relationship Congress foresaw this sort of a conflict and in the CZMA there are requirements for when the state-federal conflict arises to to try and resolve these issues but that is a situation from under the Clean Water Act where under HUD number one versus Washington State Department of Ecology the Supreme Court case on section 401 of the Clean Water Act states have the ultimate authority on imposing these conditions and implementing these without the consent of NOAA to require the court to spend whatever it costs to do dredging hydraulically in both channels and whatever else you believe was required is that correct I see what you're saying your honor and you think what I honestly I don't have a good answer to that question because it is so ingrained in this multi-statute multi-agency interaction and I would say that it is the Corps' project and it is the Corps' responsibility to get the approvals it needs. The rebuttal time is about three and a half minutes left why don't you and Ms. Mueller consult on what kind of an answer you want to give on that and then let's hear from Ms. Durkee representing the Corps. I'll defer to Ms. Mueller. Thank you. Good morning I'm Ellen Durkee and I represent the U.S. Corps of Engineers in this case so it carried out its mission the Corps has to decide how often it's going to dredge and how it's going to allocate and economically spend the finite lump-sum appropriation that it receives from Congress and under the federal statutes that are discussed here a state may under certain circumstances impose limitations on the Corps' maintenance dredging that the Corps decides to undertake but the state's authority is not unbridled and these statutes do not give a state a blank check to direct the Corps to perform maintenance dredging. I'd first like to address the issue that Judge Schroeder posed which is what is really the question here and the question here is that our position is that this court should affirm the district court judgment which said the Corps had complied with the hydrologic limitation condition and it did not have to comply with the was not based on an enforceable policy so the question is really was the district court wrong about that and if it was then the remedy is you reverse and send it back and take up the question they wanted that they're pressing which is assuming they're not complying then what role does the federal standard play in this and so I think this isn't the usual you know necessarily need to forge ahead and decide all the issues in the case so this is sort of one thing to set the issue that they're raising doesn't even come into play because they can't show that the court did not comply or that it has to comply. Can I ask the question a little differently is the issue as whether or not the can the issue be seen as whether or not the Corps adequately responded to the conditions that the state agencies imposed. Is that a good answer? I think that well I think you know adequately responded which would come back to that the Corps believes it did adequately respond by changing its position and and which was that it could hydraulically dredge every year and to say yes we'll do that limitation. I you know I do think that you know I don't know if that if you know there is the APA claim about whether you know that's the explanation was sufficient that may be the one issue that you know it doesn't just need to be sent back I think that probably is bound is an issue that you know goes is so closely tied to the compliance issue that that perhaps is still there but I still think it comes down to you know the hydraulic dredges limitation is the proper way to look at this is to look at the express language of the certification limitation and that the express language only limit says the Corps must compete can only dredge a maximum of one in Bay Channel per year and it has to be Pinole or Richmond and they can only use the clamshell dredge and Susan Channel so the Corps the final agency action here is they will dredge Susan Channel with clamshell dredging and it will only dredge one of the the other two channels each year so it completely complies and I'd like to just address the one sort of textual say a page 350 it's being raised it was raised in reply brief and was reiterated today that part of the certification is simply a description of alternatives that the state that were considered in this you know environmental document for the to say the Corps would you know today in context that was not a prescriptive part of the the certification at all the prescriptive part of the certification starts with the heading limitations and if you can find that on page 354 the first page of those because it's a long list and there are not all in there but the preface to the limit to that section says the Corps shall comply with the following and that lists dozens and dozens of limitations provision 10 is one of those limitations and it does not say that the Corps has to dredge the two channels annually using the clamshell dredge in the alternate year but that's really what they want here that's what they're not satisfied that hydraulic dredging is reduced and that was the whole point of this provision is that what is for you know their their position on smell this that it would be better to have less hydraulic dredging but they obviously allowed one in Bay Channel per year now I'll just say as an aside fish generally do better with less frequent dredging or no dredging and that's not really disputed so that the idea so that so what so what they're complaining about this is this really is an element that's separate from the you know hydraulic dredging limitation it's when the Corps then looks at how frequent you know it needs to dredge channels or that he chooses to dredge channels of course it's reasonable for it to take into account the cost and the environmental susceptibility and navigability and it took into account all of those things in deciding to alternate because it you know it would cost more to use the the clamshell dredging that you know takes months longer and cost much more and so that's not anything that's required in the conditional concurrent or in the provision 10 and that's it's not really that simple and you're really saying be careful what you ask for that thought it definitely occurred to me as well as be careful what you ask for because you may get it and they got it and then they now they're disappointed that they're not getting as much maintenance as they want to have but that's not the problem that's not the problem with the fish that there that was this whole thing was based on and this was based on the fish the other part of the equation however is making sure that there's a clear channel for navigation and what's not in not not in this case in this appeal is any issue with respect to whether or not this dredging is adequate to keep the channel of navigation open and so I'm sort of curious about that is it because we're really talking in night in 2021 about this action that was taken in 2017 so if there are problems in navigation I assume they can they would be taken care of outside this case is that is that a correct I mean I want to say two things about that first of all the in the decision documents the 2017 decision documents the court did address navigation safety and it said there'll be minimal change in navigation safety it can be mitigated by dredging a little bit deeper so that you know it's like cutting your hair shorter than you want because then you don't have to cut it as frequently and also you know the drafting restrictions and at some point there's always a drafting restriction you know you can't you know we don't dredge to accommodate you know forever and so I think that you know so then so I just want to stress that they did consider it and they concluded it's the expert agency that it was not going to it would be a minimal change in that another point I'd like to make is just briefly is that a printer but but they're not I just want to be clear they're not contesting that in this litigation protesting the navigation they're not contesting the conclusion the course conclusion that this will not have an adverse effect on navigation I I'm not sure I mean they are saying I they do mention it in their APA claims so I don't know exactly what their position but I do but the other thing in terms of the the Corps and the Coast Guard survey these channels frequently and in fact it's mentioned in the posted online and they show exactly the depth and the width of the channels the core I mean the court may be aware that the appellants tried to introduce post decision information about the need in 1920 to go in and do an emergency dredging on a on a segment of an old channel that had gotten you know you and I think that in this court ruled that that that that should not be considered because it's post decisional and it granted our motion to strike that from their reply brief but I think the point is that they're constantly monitoring and in one instance where there was an issue they went in and took care of it immediately so I I don't think that navigation safety is what this is about I think it's just you know it is a way that's reasonable to in order to comply with this limitation the other the other point I want to make about sort of them the approach is say well you know the state really can't you know envision that that they wouldn't come in and do this every year with a whole general context of how this particular condition came about and that is not in a part but that is a legal issue of how what is it what's how do you construe a surface of water quality certification and the case law says you construe it like a contract and if it's a plain language you apply the plain language and I just want to remind the court that you know these kind of construction issues would not just apply if it's true I'm talking about statutory construction would not just apply to this case or the you know this particular dispute there are a vast number of state certifications that are issued because every party not just the federal government has to get a certification for any activity that may affect you know water quality and so to take this kind of I would call it a casual non-textual approach here may have you know implications for and cause a great uncertainty into state quality water quality certifications on the disposal point I just I just want to make one point is it or make sure I make one point I should say the one of the arguments that was stressed in the reply brief was that saying well that wasn't the rationale the rationale was simply that this exceeded the federal standard I want to make clear we we stand by the federal standard but at the same time the first question should be is the disposal condition an enforceable policy because if it isn't that completely drops out of the case and the record does show that this was part of the rationale if you look at the decision documents the you know the director of civil works signed it and there are these memorandum accompanying it and the it says in that in that decision on 397 it's it explains I'm sorry I'm going to paraphrase it's a but it explains that this condition is really an allocation and that it is actually is contrary to policy number one which provides that so long as the 1 million cubic yards cap is not exceeded then they will rely on voluntary efforts and only you know if that's you know exceeded then when they go to having an allocation and you know really what's happening here is that the Commission is trying to unilaterally impose an allocation without going through the process that would set standards would have you know public you know input it would you know maybe have regulations and instead they say we do we just want to flexibility wherever we want but I I think the policies are very clear that that's really not consistent with the with the big plan council let me I appreciate your argument but I want to ask you this even if we affirm the district court on the CVMA and Clean Water Act claims it seems to me certainly based on the Supreme Court's a case involving the Commerce Department and the Census Bureau that the court could independently violate some its own regulations in the APA if we decide that may be the case it wouldn't it be appropriate to send that to the district court rather than are trying to determine that in trying to determine whether there has been a violation of the APA yes in connection with the core zone internal regulations that would be entirely appropriate to send it to the district court yes well I'm not sure I understand are the by what is the remedy for the violations that they're that they feel allegations of violation of internal regulations well that that is the question I mean I guess I you know I was thinking just you the remedy I don't you know this is where this case is you know sort of the moodness part of the case kind of may come into play because you know at this point yeah we can't undo the dredging or the frequently or increased frequency of dredging that occurred during this time period in which the certification and the conditional concurrence that issue or the consistency determination issue here we're playing both of them you know have expired so what would the remedy be I don't know I mean I think that's another reason to send it to the court the district court if there were a violation of these procedural core regulations then I think you know you have to try to figure out if there could be any remedy at this point I'm not sure there can be but are you conceding that there has been a have been violations oh absolutely not no no I mean procedural regulations that they say are mandatory but they are stated in terms of may or should so to begin with they're not mandatory they're also you know the the 337 point to be they say that wasn't followed the reason that the part of it that they it has two components first it says that if a state asks for conditions that exceed the federal standard it should be provided with information as to why the you know or thinks it exceeds a federal standard that information was given you know and there's lots of environmental analysis here they know they know that the course position is that hydraulic you know dredging is environmentally acceptable but then there's a further parts of the the procedures would be if they don't accommodate the request then they'll decide you know either delay they'll ask the sponsor to either pay the costs or they'll decide to defer so by accommodating the hydrologic dredge limitation the core you know in the course view you don't even get to the rest of that because that's only comes into play if they decide they won't accommodate the council can I make sure I'm counseling for you around time I want to make sure your answers to judge Smith and judge Schroeder so when you answer judge Smith's question about sending I think he may have been asking about an APA type claim or I guess violating your your your own the argument that you violated your own procedures either way or an arbitrary and capricious I suppose and it sounded like you're saying yeah we could send that back to the district court but I didn't that wasn't I don't I didn't think the position in your briefing are you saying that if we were to conclude that there was a violation we would send it back to the district court for figure out what a remedy would be or are you saying that we should send it back to the district court to determine whether there has been for instance whether or not it was arbitrary and capricious well okay the first question which was I didn't judge Smith's question should we send it back or to have the district court make the decision the first sentence on the arbitrary capricious or you know either from the regulations or the explanation or whatever you know I what I said was I think that would be entirely appropriate because the district court didn't address that issue because of where it came out in terms of the compliance but you know I am also you know I know that this court has discretion if it wanted to reach it it could reach it I understood judge Schroeder's question to be a little different in that what could be the regulatory provisions weren't followed and my answer there is I think it should if that's where the court gets to I think that's the remedy should be sent back because I don't see what the remedy could be and this court isn't usually you know a district court is the more appropriate form generally to take in more briefing on on remedy and things like that my question was really a not a procedural violation of these regulations can lead to the invalidity of the of the court's decision well I think for this but I'm sorry I think for these particular regulations the answer would be no because these are internal procedures these are not you know it doesn't invalidate you know that that aren't mandatory and so what you know whether the court you know deviates them and as a legal matter in some case that's not it doesn't make the decision legally invalid I mean there's there's flexibility in those regulations for it to you know follow procedures we've gone over time but my colleagues can ask additional questions if they wish you have more questions that that would be that there would be no reason to send it back wouldn't it correct on that judge Van Dyke you have additional questions I'm good thank you just very well well thank you miss jerky so miss Mueller you have some rebuttal time here and if you will keep in mind the question that I asked your colleague about the NOAA role please okay yes yes your honor so to address that first and I'd also like to get to your honors question about the cost issue so NOAA approves the state's coastal zone management program and once NOAA does that though by definition the policies in the state's coastal zone management program which in this case is the San Francisco Bay plan become federally enforceable policies so wait a minute so you're saying that if NOAA has approved the broad plan right and you've got amendments and changes over the years that by definition NOAA has already approved those changes just by virtue of having signed up on the original plan well NOAA approves all the amendments as well so did NOAA approve the amendment here to provide for hydraulic dredging on both these channels every year um well your honor that was the the commission's conditional concurrence in the court's consistency determination applying the approved NOAA may plan but NOAA didn't approve that did it they didn't sign off on that no it was correct but that that's not NOAA's role NOAA approves the overarching plan and then the commission has the discretion and authority to interpret and apply those policies on a case-by-case basis when a federal agency such as the court comes in and seeks a consistency determination from the from the commission does that answer your honor's question yeah I'm not sure I agree with it but I hear what you're saying okay thank you your honor um and so with regard to the cost issue that conditions are not an issue in this case what the court did was say it is its national policy not to comply with any state ccma or clean water conditions that may be more costly to implement based on its federal standard policy but to get to the question about is there any limit to the cost that a state can impose on on the core in theory there is no limit however the court does have a process under its own regulations for determining that doing a cost-benefit analysis in determining that dredging a particular channel is no longer economically justified in light of the increased cost but in that this case the court didn't do that the court also chose not to seek any additional funding and just simply said it's without authority to even attempt to seek any additional funding uh from congress on this um I also would like to quickly address that the court is not complying with either condition in this case it's definitely it's stated that it's definitely not complying with the disposal conditions um what the court did was it unilaterally changed its position after this litigation was filed did not consult with the state and did not give the state an opportunity to respond it changed the entire proposal I changed the entire proposal that it had submitted to the state for approval in which the state had approved and um to address the navigation issue navigation is that issue um the state wasn't wasn't um directly responding to the navigation question because the core originally was proposing to dredge annually but then it changed and said it's not going to dredge annually the court itself repeatedly said over and over again not dredging these channels annually was going to seriously impair navigation and potentially create a risk of oil spill and other things and I will just note since this came up the emergent the court did have to emergency dredge penultial channel um late last year um using a hydraulic dredge because of the shoaling that occurred that we did a request judicial notice on that that was denied by this court but I'm just bringing it up because that did come up um in in my opposing counsel's argument um now the case has not moved um they the commission and the regional board have both um reimposed these same conditions through 2024 so this case is still very much um active the same conditions are in effect we're still making the same proposal here and um the um core also um has conceded there in its uh answering brief that the remedy in this case is to remand to the core if there is to found to be any violation by this court and the core we're asking for the court to reconsider its decision in light of not relying on the fact that it cannot rely on the least cost portion of the federal standard and that it has to comply with all the procedural requirements of its own regulation now we've let you go a little over time let me ask my colleagues whether either has additional questions for ms muller we thank all counsel for your argument it's not something that we consider every day but it's very important and the case just argued san francisco bay conservation and development commission uh versus united states army corps of engineers is submitted and the court stands in recess for the day thank you very much this court for this session stands adjourned
judges: Schroeder, M. Smith, Vandyke